# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMAPNY, | : | No. 3:10cv142 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| J. MORGAN PUETT, | : | |
|     Defendant | : | |

## **MEMORANDUM**

Before the court is plaintiff's complaint for a declaratory judgment in a dispute over insurance coverage (Doc. 1). For the reasons stated below, the court will decline to exercise its discretion to hear the case.

**Background**

This case arises out of a dispute over plaintiff's obligation to provide insurance coverage to the defendant. At the time of the incidents in question, Westfield Insurance Company ("Westfield") provided homeowners insurance to the defendant, J. Morgan Puett. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 3). Ms. Puett is a defendant in an action pending in the Supreme Court of New York for the County of New York. (Id. at ¶ 4). In that action, captioned Head of Pond, LLC v. Dorksy Gallery Curatorial Programs and J. Morgan Puett, defendant is accused of negligently using linseed oil and failing to dispose of oil-soaked rags, which started a fire and caused significant damage to Plaintiff Head of Pond's property. (Id. at ¶¶ 4-5). Puett, citing the terms of her insurance policy, asked Westfield–the plaintiff

here–to defend her in the New York state action. (Id. at ¶ 6). Westfield denies it has an obligation to do so.

On January 16, 2008, Westfield filed the instant action in this court, styled as a "declaratory judgment complaint." Contending that Puett was engaged in a business when the fire occurred, Westfield claims it has no obligation to provide her coverage. (Id. at ¶ 9). As such, plaintiff seeks a judgment from this court "that it has no duty to cover, insure, defend or indemnify J. Morgan Puett in regard to the underlying action and any claims relating to the subject fire." (Id. at ¶ 14).

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is an Ohio Corporation with its principal place of business in Ohio. Defendant is a citizen of Pennsylvania. The amount in controversy exceeds $75,000.

**Discussion**

In most cases, because the court is sitting in diversity, the substantive law of Pennsylvania would apply. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). However, "federal courts are to apply state substantive law and federal procedural law." Hanna v. Plumer, 380 U.S. 460, 465 (1965). The instant case is before the court in the form of a declaratory judgment action, and Federal Courts have concluded that declaratory judgment actions are procedural rather than substantive. See Fischer &

Porter Co. v. Moorco Int'l Inc., 869 F.Supp. 323, 326 (E.D. Pa. 1994) (holding that "[c]ase law indicates that the [Declaratory Judgment] Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it."); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978) (holding that the [Declaratory Judgment] Act involves procedural remedies and not substantive rights . . . The Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief."). As a result, the court here would apply substantive Pennsylvania law in interpreting the insurance contract, but the procedural strictures of the federal Declaratory Judgment Act, 28 U.S.C. § 2201. See Fischer & Porter, 869 F. Supp. at 326.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). A court's decision to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can

3

satisfactorily be adjudicated in that proceeding." Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001). Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id.

The court will decline jurisdiction over this declaratory judgment action. The matter before this court is one of contract interpretation under state, rather than federal, law. No unique questions of federal law exist, and this court's expertise is not necessary for a just outcome in the case. Further, the complaint indicates that other litigation is pending on the underlying matter. Having this court settle a matter of contract interpretation would require an inquiry into the facts of that case, and would represent an inefficient allocation of judicial resources. The parties' claims can be better addressed when such litigation appears. The court will therefore decline to exercise our jurisdiction to hear this case.

**Conclusion**

For the reasons stated above, the court will decline to exercise its jurisdiction to hear this declaratory judgment action. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTFIELD INSURANCE COMPANY,** | : | No. 3:10cv142 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| **J. MORGAN PUETT,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 26th day of January 2010, it is hereby **ORDERED** that the instant complaint (Doc. 1) is **DISMISSED**. The Clerk of Court is directed to **CLOSE** the case.

                                                 **BY THE COURT:**

                                                 **s/ James M. Munley**
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **United States District Court**